MEMORANDUM **
California state prisoner James Albert Rankins appeals from the district court’s judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
Rankins contends that his Sixth Amendment rights were violated pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), when the state appellate court engaged in fact-finding to impose an upper-term sentence.
Following an independent review of the record, we conclude that the district court did not err in rejecting this claim because the California Supreme Court did not clearly err in applying federal law. See Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir.2002). At sentencing, the state court cited to the fact that Rankins was on parole at the time of the instant offense as an aggravating factor supporting an upper-term sentence. See Butler v. Curry, 528 F.3d 624, 638-39 (9th Cir.), cert. denied - U.S. -, 129 S.Ct. 767, 172 L.Ed.2d 763 (2008) (noting that one factor is sufficient to set the statutory maximum under California law). We have held that the issue of whether a defendant’s probationary status falls within the prior conviction exception of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is not clearly established federal law, as determined by the Supreme Court of the United States. See Kessee v. Mendoza-Powers, 574 F.3d 675, 679 (9th Cir.2009); see also 28 U.S.C. § 2254(d)(1). This silence alone is sufficient to uphold the denial of relief in this case. See Carey v. Musladin, 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006); see also Smith v. Richards, 569 F.3d 991, 994 (9th Cir.2009).
The State’s contentions that Cunningham does not apply, and that the habeas petition must be dismissed for failure to exhaust are foreclosed. See Butler, 528 F.3d at 638-39.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.