**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DMITRI VALLERVEICH TATARINOV, | No. 08-56309 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-02033-L-NLS |
| v. | |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted July 15, 2010[**]
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack J. Camp, Senior United States District Judge for the Northern District of Georgia, sitting by designation.

Petitioner Dmitri Tatarinov appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner seeks to vacate two California robbery convictions on the basis of trial and appellate counsel's ineffective assistance. Because the petition challenges "process issued by a State court," 28 U.S.C. § 2253(c)(1)(A), we lack jurisdiction over it unless Petitioner obtains a certificate of appealability, *Phelps v. Alameda*, 366 F.3d 722, 729 (9th Cir. 2004). The district court denied Petitioner's request for a COA. We decline to issue one now and dismiss the appeal for lack of jurisdiction.

We may issue a COA *sua sponte*, *see Hayward v. Marshall*, 603 F.3d 546, 554 & n.34 (9th Cir. 2010) (en banc), if a petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). We need not issue a COA for claims that are otherwise procedurally or jurisdictionally defective. *See*, *e.g.*, *Lopez v. Schriro*, 491 F.3d 1029, 1039 (9th Cir. 2007) (denying a COA for a claim that was "not only unexhausted, [but] actually raised for the first time on . . . appeal"); *Smith v. Richards*, 569 F.3d 991, 994 (9th Cir. 2009) (same).

We decline to issue a COA here because it is not even debatable that Petitioner was "in custody" on state charges when he filed the instant petition. *See Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (observing that "the 'in custody' requirement is jurisdictional"). The district court found no state

custody and determined that no exceptions to the "in custody" requirement applied. On appeal, Petitioner argues merely that he was, in fact, "in custody" because the Superior Court expunged his convictions in 2007 under Cal. Penal Code §§ 1203.4 and 1203.4a. This argument is meritless. Petitioner completed his probationary sentences years before he filed the instant petition, and a defendant is no longer "in custody" once he is discharged from probation or parole. *See Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999). The expungement of his convictions did not put Petitioner back in custody. Because the lack of custody alone warrants dismissal of a habeas petition, we do not reach the myriad other jurisdictional defects raised by Respondent.

**DISMISSED.**