**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON GERAY,

                Petitioner-Appellant,

  v.

WILLIAM MUNIZ, Warden

                Respondent-Appellee

No. 15-16865

D.C. No. 3:14-cv-03572-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before: TASHIMA and HURWITZ, Circuit Judges, and ADELMAN, District
Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

Jason Geray appeals the district court's dismissal of his habeas corpus petition as untimely, arguing that he was entitled to equitable tolling of the one-year filing deadline. We have jurisdiction under 28 U.S.C. § 2253(a) and affirm.

1. Geray seeks equitable tolling based on his mental impairment, but he failed to show that he was unable to understand the need to timely file or that it was impossible for him to timely file. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). As the district court found, that impairment manifested primarily in assaultive behavior, rather than impaired thought process, and did not prevent Geray from filing a variety of documents in the state courts in 2011 and 2012. *Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). And, because the record was "amply developed" regarding Geray's mental impairment, the district court was not obligated to hold an evidentiary hearing. *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

2. Although attorney abandonment can warrant equitable tolling, *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015), the district court correctly found Geray only entitled to equitable tolling from January 18 to April 13, 2011, when he realized his lawyer was not going to file a direct appeal. The failure of Geray's trial counsel to perfect a direct appeal did not prevent Geray from filing a habeas corpus petition. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010).

2

3.  Nor has Geray shown that he could not timely file because he was placed in administrative segregation and lacked access to certain state court records.  *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009).

4. Geray argues that the state courts affirmatively misled him regarding the procedures for post-conviction relief, but he waived this argument by failing to raise it below.  *Smith v. Richards*, 569 F.3d 991, 995 (9th Cir. 2009).

**AFFIRMED**.