**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN HAROLD LUEBBERS, | No. 19-17566 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-02348-MCE-KJN |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JAMES ROBERTSON, Warden, Solano State Prison, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted March 9, 2022
San Francisco, California

Before: THOMAS, McKEOWN, and GOULD, Circuit Judges.

Petitioner John Harold Luebbers appeals the district court's denial of his

habeas petition under 28 U.S.C. § 2254. We review the district court's denial of a

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 2254 petition de novo. *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies here. We have jurisdiction under 28 U.S.C. § 2253(a). We affirm. Because the parties are familiar with the factual and procedural history, we need not recount it here.

1.    We decline to consider petitioner's claim that the totality of trial counsel's conduct entirely failed to subject the prosecution's case to meaningful adversarial testing under *United States v. Cronic*, 466 U.S. 648 (1984), because the issue was not presented to the district court and was raised for the first time on appeal. *Smith v. Richards*, 569 F.3d 991, 995 (9th Cir. 2009).

2.    The California Court of Appeal reasonably denied petitioner's ineffective assistance of counsel claim concerning trial counsel's concession of intent to kill and malice in his closing argument. The court reasonably concluded that trial counsel's decision to "admit[] what he had to admit" to buy credibility with the jury was a tactical decision and therefore subject to a "strong presumption" of "the exercise of professional judgment." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). The decision was a reasonable application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). AEDPA deference therefore applies and bars relief. 28 U.S.C. § 2254(d).

3.    The California Superior Court reasonably denied petitioner's ineffective assistance of counsel claim as to counsel's conduct at trial. The court

denied petitioner's claim that his trial attorney was ineffective for not introducing Detective Strasser's report because it constituted inadmissible hearsay under state law, a conclusion we are bound to follow. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

Similarly, the California Superior Court's conclusion that the preliminary report of psychiatrist Dr. Schaffer was inadmissible, is a state law question that is not cognizable in a federal habeas petition. *Id.*

To the extent petitioner now claims that his attorney was ineffective for failing to call Dr. Schaffer as a witness, a fair reading of the preliminary report indicates that it contained both helpful and damaging evidence as to premeditation—the central issue at trial. "[S]trategic choices made [by counsel] after thorough investigation . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690. A choice not to present testimony that would open the door to the introduction of damaging evidence is a strategic choice entitled to deference under *Strickland*. *Carter*, 946 F.3d at 519.

We affirm the judgment of the district court.

**AFFIRMED.**