**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RODNEY RAY ROBERTS,
    *Petitioner-Appellant,*

    v.

JOHN MARSHALL, Warden,
    *Respondent-Appellee.*

No. 08-55901

D.C. No.
2:07-cv-07580-
JSL-PLA

OPINION

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Submitted September 2, 2010*
Pasadena, California

Filed December 13, 2010

Before: Diarmuid F. O'Scannlain, Ronald M. Gould and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge O'Scannlain

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

19969

## COUNSEL

Kurt David Hermansen, San Diego, California, filed the briefs for the petitioner-appellant.

Michael C. Keller, Deputy Attorney General, Los Angeles, California, filed a brief for respondent-appellee. With him on the brief were Edmund G. Brown Jr., Attorney General of California, Dane R. Gillette, Chief Assistant Attorney General, Palema C. Hamanaka, Senior Assistant Attorney Gen-

eral, and Xiomara Costello, Supervising Deputy Attorney General.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a habeas petitioner is entitled to an evidentiary hearing to determine whether his asserted mental incompetence warrants equitable tolling of the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996.

I

Rodney Ray Roberts pled guilty to second degree murder in California Superior Court on June 26, 2002, and was sentenced to fifteen years' to life imprisonment. Roberts did not appeal his conviction, but constructively filed a pro se petition for a writ of habeas corpus in the Los Angeles County Superior Court on November 18, 2002, alleging ineffective assistance of counsel.[1] The Superior Court denied the petition on December 4, 2002. On June 17, 2004, Roberts filed, in the California Court of Appeal, a motion that the court construed as an application for leave to file a belated notice of appeal. The court denied the application on July 15, 2004.

Roberts constructively filed a second habeas petition in the

---

[1]When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively "filed" on the date it is signed. *See Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). Although Roberts's petition was filed on December 3, 2002, and was unsigned, he asserted that it was dated November 18, 2002. The Magistrate Judge utilized the earlier date noted by Roberts in calculating the applicable statutory tolling period. For purposes of this appeal, we do the same.

Los Angeles Superior Court on January 18, 2006, which was denied on the same day. On August 14, 2006, Roberts filed a habeas petition in the California Court of Appeal, which was denied on August 23, 2006. On December 20, 2006, Roberts filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on June 13, 2007.

Roberts filed this petition for a writ of habeas corpus in the United States District Court for the Central District of California on November 20, 2007, again alleging ineffective assistance of counsel. Roberts attached several mental health evaluations, treatment plans, interdisciplinary progress notes, and statements of informed consent to his petition. These records indicate that Roberts was taking psychotropic medications to treat his severe psychotic depression disorder before and during the statute of limitations period.[2] However, Roberts's mental functions were repeatedly classified as "good," "fair," or "within normal limits." On November 26, 2003, for example, the California Department of Corrections' clinical psychologist listed Roberts's appearance, behavior, mood, speech, appetite, sleep, and affect as within normal limits. Significantly, Roberts's "Insight and Judgment" were also found to be within normal limits on that date. The medical records also clearly indicate that, in the psychologist's opinion, Roberts was not delusional.

The district court noted that Roberts's petition was filed almost four years after the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had run.[3] In response to Roberts's request

---

[2]The clinical psychologist indicated on August 16, 2002, that Roberts was taking Zyprexa, a drug used to treat the symptoms of schizophrenia and bipolar disorder.

[3]The case was initially assigned to a Magistrate Judge, who submitted his final report and recommendation on April 23, 2008. On April 29, 2008, the district court judge expressed his agreement with recommendations of the Magistrate Judge and adopted his final report and recommendation.

for equitable tolling, the court observed that "there is no indication in any of the medical evidence presented by petitioner that he was unable to function or that his thought process was impaired during the limitations period." The court therefore held that Roberts was not entitled to equitable tolling, and, on April 29, 2008, the court dismissed the petition with prejudice.

Roberts timely appealed, and a motions panel of this court granted a certificate of appealability with respect to the question of "whether the district court properly dismissed appellant's habeas corpus petition as untimely, including whether appellant is entitled to equitable tolling based on mental incompetence."

## II

AEDPA requires a state prisoner to seek federal habeas relief within one year after his state court conviction becomes final. 28 U.S.C. § 2244(d)(1). The "limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Because Roberts was convicted on June 26, 2002, his state court conviction became final on August 25, 2002—the date on which his time for seeking review of his conviction expired. *See* Cal. R. Ct. 8.308(a). Under AEDPA's one-year statute of limitations, Roberts had until August 25, 2003, to file a federal habeas petition. Roberts, however, did not file his petition for a writ of habeas corpus in the district court until August 15, 2007, nearly four years after AEDPA's one-year statute of limitations had run. Since Roberts does not contest that he is ineligible for statutory tolling, his petition is time barred unless he is entitled to equitable tolling.[4] *See Rasberry v. Garcia*, 448

---

[4]AEDPA provides that the statute of limitations is tolled while a properly filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). Therefore, Roberts's petition for a writ of habeas cor-

F.3d 1150, 1153 (9th Cir. 2006) ("[Ninth Circuit] precedent permits equitable tolling of the one-year statute of limitations on habeas petitions.").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).[5] Roberts argues that he has diligently pursued his rights and that his mental incompetence was an extraordinary circumstance beyond his control that caused his untimeliness. He further argues that since he alleged mental incompetency in a verified pleading, we should remand for an

---

pus in the Los Angeles County Superior Court—filed on November 18, 2002, and denied on December 4, 2002—tolled the statute of limitations for sixteen days. However, extending the filing deadline from August 25, 2003, to September 11, 2003, does not help Roberts, since he did not file his petition until the summer of 2007. Roberts is not entitled to tolling for the "gap" between his first habeas petition and his next petition, filed 19 months later in the California Court of Appeal. *See Evans v. Chavis*, 546 U.S. 189, 200-01 (2006); *Banjo v. Ayers*, 614 F.3d 964, 967-69 (9th Cir. 2010). Nor do the subsequent state petitions Roberts filed after September 12, 2003, entitle him to any additional tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

[5]The doctrine of equitable tolling in our circuit is not entirely settled. Before *Pace*, equitable tolling was available only when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (internal quotation marks and citation omitted). Ninth Circuit opinions differ as to whether *Pace* established a new standard for determining when a petitioner is eligible for equitable tolling. *Compare Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (applying pre-*Pace* standard), *with Rasberry*, 448 F.3d at 1153 (applying *Pace* standard). *See also Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (noting that the Ninth Circuit has "not settled on a consistent standard" for equitable tolling). But there may not even be a "substantive difference . . . between the two standards." *Harris*, 515 F.3d at 1055. And in any event, we need not choose between the two standards for purposes of this case, since the arguable differences between them are not at issue.

evidentiary hearing to determine if equitable tolling is warranted. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (noting that a habeas petitioner should "receive an evidentiary hearing when he 'makes a good faith *allegation that would, if true*, entitle him to equitable tolling' " (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)).

**[1]** A petitioner seeking equitable tolling bears the burden of showing both that there were "extraordinary circumstances," and that the "extraordinary circumstances were the *cause* of his untimeliness." *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (emphasis added). This court has consistently held mental incompetence to be an extraordinary circumstance beyond the prisoner's control. *See Laws*, 351 F.3d at 923. Therefore, where "a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance beyond [his] control." *Id.* (internal quotation marks omitted).

Roberts argues that this case is controlled by our holding in *Laws*, and that he is entitled to an evidentiary hearing to determine whether his mental incompetence warrants equitable tolling. In *Laws*, the pro se petitioner alleged, in a verified pleading, that his "delay in filing was attributable to psychiatric medication which deprived [him] of any kind of consciousness."**6** *Id.* at 921 (internal quotation marks omitted). The district court dismissed the petition. On appeal, we vacated the district court's order and remanded for "further factual development of his claim that the limitations period should be tolled because of his mental incompetency during the period in which he could have timely filed." *Id.* at 921. We explained that Laws should receive an evidentiary hearing since he had "made a good-faith allegation that would, if true, entitle him to equitable tolling" and since there were "circumstances con-

---

**6**Because Laws filed his petition pro se, we treated the allegations in the verified state petition attached to his Traverse as an affidavit. *Id.* at 924.

sistent with [his] petition . . . under which he would be entitled to . . . equitable tolling."**[7]** *Id.* at 921, 924 (internal quotation marks omitted).

**[2]** Although Roberts argues that he is entitled to an evidentiary hearing under the rule set forth in *Laws*, his case is clearly distinguishable. In *Laws*, the district court was not presented with any medical records pertaining to Laws's alleged mental incompetence. All the court had before it were Laws's allegations of mental incompetence and the fact that Laws's mental health was at issue during his trial. *Id.* at 923 (noting that the state "offered no evidence at all" to contradict Laws's allegations of mental incompetence). In this case, the district court had access to extensive medical records that indicated Roberts's relevant mental functions were either "good" or "within normal limits." These medical records reflected the specific dates on which Roberts was examined, and on which he was prescribed certain medications. The district court evaluated this evidence and concluded that Roberts's mental incompetency was not the *cause* of his untimeliness. The district court also noted that Roberts managed to file several petitions for post-conviction relief in state court during the time for which Roberts seeks equitable tolling. *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming district court decision concluding that "[b]ecause [Gaston] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]"). Roberts presented the same arguments in those state court petitions that he now presents in his federal habeas petition.

---

**[7]**One of the circumstances consistent with Laws's allegation of mental incompetence was the fact that in 1993, "it took three psychiatrists, two psychologists, and a judge to decide Laws's competence" to stand trial. *Id.* at 924. Clearly, Laws's alleged mental incompetency predated his habeas petition.

**[3]** Under these circumstances, we are satisfied that the district court did not abuse its discretion when it denied Roberts's request for an evidentiary hearing. Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence. *See Laws*, 351 F.3d at 924 ("Of course, a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced."). District courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful.

## III

**[4]** Roberts has not demonstrated that the district court abused its discretion by denying him an evidentiary hearing. Nor has he carried his burden of establishing that he is entitled to equitable tolling. His federal petition is therefore barred by AEDPA's statute of limitations.

**AFFIRMED**.