**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUNO CAMPOSTRINI, | No. 09-17567 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02132-JAM-GGH |
| v. | |
| JAMES E. TILTON; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; MICHAEL MARTEL, Acting Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 9, 2010[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner pled no-contest to committing a forcible lewd act upon a child. Petitioner's conviction became final for purposes of AEDPA's one-year statute of limitations on July 19, 2003. *See* 28 U.S.C. § 2244(d)(1). Petitioner did not file the first of three state-court habeas petitions until September 2006. Petitioner filed a habeas petition in district court on October 10, 2007. It was dismissed as untimely.

Petitioner claims the district court was required to hold an evidentiary hearing on his claim that mental incompetence prevented his timely filing. Equitable tolling of the one-year limitations period is available only when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). The district court held that Petitioner failed to meet his burden to show that extraordinary circumstances beyond his control existed. It also held that Petitioner was not entitled to an evidentiary hearing on his claim to equitable tolling because he failed to show that further factual development, beyond the comprehensive mental health record produced, was necessary.

Petitioner contends that he is entitled to an evidentiary hearing because expert testimony is required to determine the effect of his mental condition. But he did not proffer any such expert evidence and the district court reviewed all of Petitioner's health records. *See Roberts v. Marshall*, No. 08-55901, 2010 WL 5064378, *3 (9th Cir. Dec. 13, 2010) ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." (citation omitted)). Petitioner failed to meet his burden of showing that his mental illness prevented him from timely filing a habeas petition.

**AFFIRMED**.