FILED

NOT FOR PUBLICATION

JUN 13 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR ASHLEY, | No. 09-35684 |
| Petitioner - Appellant, | D.C. No. 6:09-cv-00009-HO |
| v. | |
| MARK NOOTH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted June 7, 2011[**]
Portland, Oregon

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Arthur Ashley appeals the district court's dismissal of his 28 U.S.C. § 2254

habeas petition, which the district court found untimely under 28 U.S.C. § 2244.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We granted a certificate of appealability (COA) on two issues: (1) whether the district court was correct in concluding that Ashley's conviction was "final" within the meaning of § 2244(d)(1)(A) at the time the appellate court entered its formal judgment, and (2) whether Ashley was entitled to equitable tolling due to his hernia condition. Because neither party argues on appeal that the district court erred in determining when Ashley's conviction was "final" under § 2244, and because the statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), we decline to consider the first certified issue.

We reject Ashley's argument that he was entitled to equitable tolling due to his hernia, because nothing in the record suggests that his condition was an "impairment so severe that . . . [it] made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010). The district court did not abuse its discretion by refusing to hold an evidentiary hearing. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

Ashley raises three uncertified issues, which we construe as a motion to expand the COA, and deny. *See* 9th Cir. R. 22-1(e). Ashley has not made a "substantial showing of the denial of a constitutional right" with respect to any of

the uncertified issues. *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted).

**AFFIRMED.**