FILED

NOT FOR PUBLICATION

OCT 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES RICHARD PORTER,

              Petitioner-Appellant,

v.

ROBERT A. HOREL, Warden,

              Respondent-Appellee.

No. 09-15871

D.C. No. CV-08-157-AWI-TAG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted October 12, 2011
San Francisco, California

Before: THOMAS and MURGUIA, Circuit Judges, and ALBRITTON, Senior
District Judge.[**]

    California state prisoner James Richard Porter ("Porter") appeals the district

court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as

untimely.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable William H. Albritton, III, Senior District Judge for the
U.S. District Court for Middle Alabama, Montgomery, sitting by designation.

Porter does not dispute that his petition was filed outside of the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d). Porter argues that the statute of limitations should be tolled, or that he is entitled to an evidentiary hearing to allow him to establish the requirements for equitable tolling. Because the history and facts of the case are familiar to the parties, we need not recount them here.

We affirm the district court's denial of Porter's petition as untimely, and the district court's denial of an evidentiary hearing. A district court's denial of habeas corpus for untimeliness is reviewed *de novo*. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Although Porter originally argued in his brief for both statutory and equitable tolling of the statute of limitations in this case, he later narrowed his grounds for relief to only equitable tolling. Equitable tolling may be established when a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Based on the extensive medical evidence in the record, and the evidence that Porter made filings in state court at various points during the several-year period of time after the conclusion of his original state court case, we cannot conclude that

Porter has demonstrated that he was mentally incapable of meeting his federal filing deadline. Therefore, Porter has not demonstrated that his mental illness made filing impossible so as to constitute an extraordinary circumstance beyond his control to allow for equitable tolling. *See Laws*, 351 F.3d at 922-23. In addition, we cannot conclude that any attorney misconduct reflected in the record could have tolled the statute of limitations for a sufficient period of time so as to render Porter's federal petition timely. *See Spitsyn v. Moore*, 345 F.3d 796, 800–01 (9th Cir. 2003).

Porter contends that if equitable tolling has not been established based on the evidence in the record, he should have been given an evidentiary hearing to establish equitable tolling. A district court's failure to hold an evidentiary hearing is reviewed for abuse of discretion. *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010), *cert. denied*, No. 11-5243, 2011 WL 4535775 (U.S. Oct. 3, 2011).

Porter has failed to allege facts which he would have presented at an evidentiary hearing which are not already in the record. Because he has not made "a good-faith allegation that would, if true, entitle him to equitable tolling," *Laws*, 351 F.3d at 921, he has not shown that he is entitled to an evidentiary hearing. *See Roberts*, 627 F.3d at 773 (upholding denial of evidentiary hearing where medical evidence did not support a finding that incompetence was a cause of untimeliness

3

and petitions were filed in state court during the limitations period).

Accordingly, the district court's decision not to provide Porter with an evidentiary hearing and the denial of Porter's petition as untimely are **AFFIRMED**.