**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-15607 |
| Plaintiff - Appellee, | D.C. Nos. 2:05-cr-00325-JCM |
| v. | 2:08-cv-01644-JCM |
| PARIS CHERER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 15, 2013[**]

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

Federal prisoner Paris Cherer appeals pro se from the district court's order

denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

We have jurisdiction under 28 U.S.C. § 2253. We review a district court's denial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of a section 2255 motion de novo, *see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

Cherer contends that he was denied due process because he was forced to stand trial when he was incompetent. We disagree. The record supports the district court's determination that, at the time of trial, Cherer had "a rational as well as factual understanding of the proceedings against him" and the "ability to consult with his lawyer with a reasonable degree of rational understanding." *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (emphasis and quotations omitted).

Cherer also argues that his trial counsel was ineffective for failing to investigate Cherer's mental competency, failing to investigate records that could have provided exculpatory evidence, and failing to prepare an adequate defense. Cherer further contends that his appellate counsel was ineffective for failing to raise these claims on appeal. The district court properly denied relief as to these claims because Cherer has not demonstrated either deficient performance by counsel or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Contrary to Cherer's contention, the district court did not abuse its discretion by denying his section 2255 motion without an evidentiary hearing. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

**AFFIRMED.**