OPINION
FARRIS, Circuit Judge:
I.
On July 18, 2006, Yow Ming Yeh pled guilty to one count of battery in California state court for biting a correctional officer while incarcerated at the California Rehabilitation Center. His state court judgment became final on September 18, 2006, when the time for appealing his conviction expired. He filed no direct appeal. In the year that followed, Yeh continued to request assistance for an appeal. On March 28, 2007, Yeh filed an Inmate Appeal Form requesting assistance from the public defender’s office. He also requested a translator. On September 12, 2007, Yeh again requested to meet with his “appeals coordinator.” On September 24, 2007, Yeh filed another Inmate Appeal Form. Over a year later, on October 17, 2008, Yeh filed a petition for a writ of habeas corpus in the California Court of Appeals, which was denied on November 19, 2008. Yeh subsequently filed similar petitions in the California Supreme Court and the Riverside County Superior Court, which were also denied.
On June 8, 2010, more than two and a half years after the limitations period had run, Yeh filed the present Petition for Writ of Habeas Corpus in federal court. The district court dismissed the petition as untimely because of the one-year statute of limitations. Yeh appeals the district court’s judgment, arguing that he is entitled to equitable tolling based on (1) his limited English proficiency and (2) his mental impairment. Yeh is a non-English speaker with very limited English language abilities, who has a history of mental illness, although he does not allege that he is mentally incompetent.
The dismissal of a habeas petition as barred by the statute of limitations is reviewed de novo, as is the issue of whether the petitioner is entitled to equitable tolling (so long as there are no facts in dispute). Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir.2010). We have jurisdiction under 28 U.S.C. § 2253, and we AFFIRM.
II.
Equitable tolling is available to a habeas petitioner if (1) the petitioner pursued his rights diligently, and (2) an extraordinary circumstance prevented timely filing. Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). This is a very high bar, and is reserved for rare cases. See, e.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) (“extraordinary circumstances beyond a prisoner’s control make it impossible to file a petition on time”) (emphasis in original); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002) (requirements are “very high, lest the exceptions swallow the rule”); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999) (relief is “unavailable in most cases”). Yeh fails to meet this bar.
*1078 A.
Yeh claims that his limited English proficiency constitutes an “extraordinary circumstance” that made it impossible for him to meet the deadline. Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance. Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir.2006). Here, Yeh received translation assistance on numerous occasions during the running of the one-year limitations period. In his Petition, he admits that “other inmates assisted] him” in many of his internal appeal filings. Since Yeh received assistance in translation during the relevant time period, his lack of linguistic understanding could not have made it “impossible” for him to meet the deadline.
B.
Yeh next claims that his mental impairment constituted an “extraordinary circumstance” that prevented him from timely filing. The standard for equitable tolling based on mental impairment is delineated by Bills v. Clark, 628 F.3d 1092, 1099-100 (9th Cir.2010):
(1) First, a petitioner must show his mental impairment was an “extraordinary circumstance” beyond his control by demonstrating the impairment was so severe that either
(a) petitioner was unable rationally or factually to personally understand the need to timely file, or
(b) petitioner’s mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.
Id. This reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence. Id. at 1100.
Yeh’s mental impairment claim fails. First, it cannot be that his mental impairment was so severe as to be the but-for cause of his delay. Yeh repeatedly sought administrative and judicial remedies, and throughout these proceedings showed an awareness of basic legal concepts: he was able to make requests for assistance from an appeals coordinator and an interpreter at his administrative hearings, and also to request assistance from a public defender after his conviction. Moreover, he was able to file a state habeas petition in three different California venues. These facts refute a claim of impairment so debilitating that one could not “rationally or factually” understand the meaning of a deadline. See id. at 1099-100.
Our recent decision in Forbess v. Franke, No. 12-35843, 749 F.3d 837, 2014 WL 1509025 (9th Cir. Apr. 18, 2014), illustrates the type of petitioner entitled to equitable tolling. There, the petitioner “believed he was working undercover for the FBI, and his trial was a ‘sham’ orchestrated to lure his ex-wife out of hiding and arrest her for being part of an extensive drug distribution operation,” and the “magistrate judge explicitly found that Forbess’s delusions persisted throughout the relevant [limitations] period.” Id. at 840, 2014 WL 1509025, at *3. Yeh’s mental impairment and his allegations regarding that impairment come nowhere close to those in Forbess.
*1079 The record also reflects a lack of diligence. Multiple periods of delay demonstrate that Yeh failed to pursue relief diligently. Instead he allowed months and years to go by without acting. His state court conviction became final on September 18, 2006, but he did not file his state habeas petition for nearly two years (October 17, 2008). After his final state habeas petition was denied by the California Supreme Court (June 10, 2009), he allowed nearly an entire year to elapse before he filed his federal habeas petition (June 8, 2010). Even assuming it were true that he was unable to request relief because he was detained in a special housing unit (a contention refuted by the fact that three state habeas petitions were filed during this time), Yeh admits that he was released from this confinement on October 08, 2009. There is no explanation for the further nine-month delay. The record reflects a lack of reasonable diligence. Equitable tolling is not appropriate.
III.
The district court properly denied the Petitioner’s equitable tolling claim. The petition for habeas corpus is barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). AFFIRMED.