**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID JERRIAL HENDERSON, | No. 11-56933 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-06971-SJO-MAN |
| v. | |
| TERRI GONZALEZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 9, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

California state prisoner David Henderson appeals the district court's

dismissal of his untimely 28 U.S.C. § 2254 habeas petition. Henderson contends

he was entitled to equitable tolling due to his mental impairment. We have

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's decision.

The dismissal of a habeas petition as time-barred is reviewed de novo. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Henderson's claim fails because he did not show that his impairment was an "extraordinary circumstance" that made it impossible to meet the filing deadline. *See id.* at 1099-1100. The evidence "refute[s] a claim of impairment so debilitating" as to be the but-for cause of Henderson's delay. *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir.) (mental impairment was not "so severe" where petitioner "repeatedly sought administrative and judicial remedies, and . . . showed an awareness of basic legal concepts"), *cert. denied sub nom. Yow Ming Yeh v. Biter*, 135 S. Ct. 486 (2014). Henderson's mental impairment was not comparable to the severity of impairment described in *Forbess v. Franke*, 749 F.3d 837, 840-41 (9th Cir. 2014).[1]

The district court did not abuse its discretion in declining to hold an evidentiary hearing. *See Roberts v. Marshall*, 627 F.3d 768, 772-73 (9th Cir. 2010). Henderson failed to plead specific facts in the district court that, if true,

---

[1] We grant the government's December 16, 2013 request for judicial notice of excerpts of the reporter's transcript. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

would entitle him to equitable tolling, and he did not, before this court, identify any new evidence that could be presented at an evidentiary hearing that would warrant tolling.

AFFIRMED.