**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN FLOWERS, | No. 12-16234 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00367-ECR-VPC |
| v. | |
| JACK PALMER, Warden; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

Petitioner John Flowers (Flowers) challenges the district court's dismissal of his untimely federal habeas petition pursuant to the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The district court properly held that equitable tolling based on Flowers' mental impairment and the effects of his medications was unwarranted because Flowers did not demonstrate diligence in pursuing his federal habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). Flowers, personally or with the assistance of others, repeatedly filed habeas petitions in state court during the relevant time period. *See Stancle v. Clay*, 692 F.3d 948, 952, 959-60 (9th Cir. 2012) (denying equitable tolling because the petitioner received "continual assistance" from another inmate to file petitions); *see also Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

**2.** The district court properly held that the alleged restrictions on Flowers' access to legal materials during his housing in the mental health unit and/or his transfer to Oklahoma did not constitute extraordinary circumstances that caused his failure to timely file. *See Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). Because Flowers filed numerous state pleadings and one federal petition during the relevant time period, the alleged restrictions he experienced did not prevent timely filing. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

**3.** The district court properly held that Flowers is not entitled to equitable tolling on the basis of actual innocence because he failed to satisfy the standard articulated by the United States Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 327 (1995). *See Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013), *as amended* (noting that under *Schlup* a petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt") (citation and internal quotation marks omitted).

**AFFIRMED.**