**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDYS A. MARTINEZ, | No. 13-15537 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00777-LRH-VPC |
| v. | |
| JACK PALMER; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

Petitioner Fredys A. Martinez (Martinez) challenges the district court's

dismissal of his untimely federal habeas petition pursuant to the statute of

limitations set forth in the Antiterrorism and Effective Death Penalty Act

(AEDPA). Martinez contends that he was entitled to equitable tolling because the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

prison failed to provide him with Spanish-language resources and he was unable to timely obtain his files from his appellate counsel.

The district court permissibly held that equitable tolling based on Martinez's lack of English proficiency was unwarranted because Martinez was able to obtain English translations during the AEDPA statute of limitations period. *See Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (denying equitable tolling because the petitioner received translation assistance during the limitations period).

Martinez did not satisfy his burden of demonstrating that it was impossible for him to timely file his federal habeas petition due to the library paging system or his administrative segregation.

Even assuming that Martinez did not receive his files from his appellate counsel until January, 2010, Martinez did not act with reasonable diligence by delaying the filing of his federal habeas petition until seven months after he filed his state habeas petition. *See id.* at 1079 (holding that the petitioner's pattern of delay reflected a lack of reasonable diligence).[1]

---

[1] Martinez alleges that his appellate counsel denied Martinez access to his legal file for the entire limitations period. We do not condone this alleged conduct, which is likely a violation of the Nevada professional rules of conduct. *See Gibbs v. LeGrand*, 767 F.3d 879, 889 (9th Cir. 2014). However, to qualify for equitable tolling, Martinez must establish both an extraordinary circumstance and reasonable diligence. *See id.* at 889-90.

The district court did not abuse its discretion in denying an evidentiary hearing because the record was sufficiently developed to resolve Martinez's equitable tolling claim. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

**AFFIRMED.**