FILED

MAY 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES DAVID OFELDT, | No. 14-15911 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00646-LRH-VPC |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, Director; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 13, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Nevada state prisoner James Ofeldt appeals the district court's dismissal of

his untimely 28 U.S.C. § 2254 habeas petition. Ofeldt argues that he was entitled

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to equitably toll the time mandated to file his appeal, because he suffered from a severe mental impairment. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's decision.

The dismissal of a habeas petition as time-barred is reviewed de novo. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). "A petitioner seeking equitable tolling bears the burden of showing both that there were extraordinary circumstances, and that the extraordinary circumstances were the *cause* of his untimeliness." *Roberts v. Marshall,* 627 F.3d 768, 772 (9th Cir. 2010) (internal quotation marks omitted). Ofeldt failed to meet this burden.

First, Ofeldt failed to present medical evidence establishing that he suffered from a severe mental impairment during the relevant period of time. Additionally, Ofeldt's frequent filings in state court belie his assertions that he was unaware of, and unable to, pursue post-conviction relief. Between 2005 and the filing of Ofeldt's federal habeas petition in 2010, Ofeldt filed over fifty-five different pro se documents including documents seeking habeas relief. *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (concluding that "[b]ecause Gaston was capable of preparing and filing state court petitions [during the limitations period], it appear[ed] that he was capable of preparing and filing a [federal] petition during the [same time]" (alteration omitted)). Thus, Ofeldt failed to plead specific facts

demonstrating he suffered from a mental illness "so severe that . . . [he was] unable rationally or factually to personally understand the need to timely file." *Bills*, 628 F.3d at 1100.

Secondly, Ofeldt failed to plead facts demonstrating that his mental illness "made it impossible under the totality of the circumstances to meet the filing deadline despite [his] diligence." *Id.* at 1093. Ofeldt argued his mental illness caused his delay. However, the record indicates Ofeldt untimely filed his petition because he was not aware of some claims he could pursue in post-conviction relief. This lack of awareness does not entitle Ofeldt to equitable tolling. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.").

**AFFIRMED**.