**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ERIC YLMO SANFORD, | No. 13-55924 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-06169-CAS-MLG |
| v. | |
| J. SOTO, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted September 2, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER, and BYBEE, Circuit Judges.

Eric Sanford filed a federal habeas petition on July 10, 2012, five days after

the one-year filing period afforded to him under 28 U.S.C. § 2244(d) expired.

Accordingly, the district court dismissed his habeas petition as untimely. Sanford

appealed, arguing that he is entitled to equitable tolling of the limitations period

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

due to the misconduct of his attorney and his mental incompetency. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

First, Sanford has not shown that any misconduct on the part of his attorney was an "'extraordinary circumstance [that] stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Though there was a delay in receiving his record on direct appeal from his attorney, Sanford had all the materials necessary to file a federal habeas petition with seven months remaining in his one-year filing period. Moreover, Sanford has not demonstrated that he "pursu[ed] his rights diligently" during that seven-month period. *Id.* (quoting *Pace*, 544 U.S. at 418). It was not clear error, therefore, for the district court to determine that attorney misconduct did not cause Sanford's untimely filing. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Second, Sanford's mental incompetence claim fails the two-part test established in *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), to determine when a petitioner's mental disabilities warrant equitable tolling. Here, Sanford's own correspondence with the lawyer who represented him in his direct appeal indicates his awareness of the one-year federal filing deadline, and his successful filing of three state habeas petitions during the relevant time period demonstrates that he

2

could capably effectuate the filing of a federal habeas petition if he so chose. *See id.* at 1099–100. As above, his seven-month delay in filing his first state habeas petition marks a lack of diligence. *See id.* at 1100. The district court did not clearly err in denying equitable tolling on the basis of mental incompetency. *Id.* at 1096.

Finally, the district court did not abuse its discretion by denying Sanford's request for a further evidentiary hearing. *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (holding that where the record "indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record").

**AFFIRMED.**