

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW L. MACKEY, | 14-17260 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01245-TLN-CKD |
| v. | |
| WILLIAM MUNIZ, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Eastern California
Troy L. Nunley, District Judge, Presiding

Submitted June 6, 2016**
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges, and GARBIS, Senior
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Andrew Mackey appeals the district court's dismissal of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Mackey, who suffers from severe mental impairments, filed the instant habeas petition challenging his conviction of child molestation related offenses after the expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Conspicuously missing from the record is any testimony from Mackey to the effect that he wanted to file a federal habeas petition but did not have the ability to do so himself and did not know how to get help.

The district court dismissed the petition as untimely and declined to apply equitable tolling to extend the limitations period. Reviewing the dismissal of Mackey's petition de novo, *United States v. Avery*, 719 F.3d 1080, 1082 (9th Cir. 2013), we agree with the district court that equitable tolling is inappropriate because the record does not reflect any diligence on Mackey's part in attempting to file his federal habeas petition within the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (noting a petitioner is eligible for equitable tolling only if he pursued rights diligently and would have timely filed but for some extraordinary circumstance); *see also Yow Ming Yeh v. Martel*, 751 F.3d

2

1075, 1078 (9th Cir. 2014) ("[E]ven in cases of debilitating impairment the petitioner must still demonstrate diligence."). Therefore, the petition was untimely and was properly dismissed.[1]

**AFFIRMED.**

---

[1] Because Mackey's petition was not timely filed, the question of whether Mackey exhausted his state remedies is moot.