**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUINN WILRIDGE,

    Petitioner-Appellant,

v.

TERRI GONZALEZ, Warden,

    Respondent-Appellee.

No. 09-17695

D.C. No. 3:09-cv-02236-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted November 16, 2016
San Francisco, California

Before: SCHROEDER, WARDLAW, and OWENS, Circuit Judges.

Quinn Wilridge, a California state prisoner, appeals from the dismissal as

time-barred of his 28 U.S.C. § 2254 habeas petition.  He also appeals the denial,

after an evidentiary hearing on limited remand from this court, of his Federal Rule

of Civil Procedure 60(b) motion.  As the parties are familiar with the facts, we do

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

not recount them here.  We affirm.

Following the evidentiary hearing, the district court did not clearly err in finding that Wilridge failed to show that his mental impairment caused his untimely federal habeas petition, particularly given his filing of several other legal and administrative documents during the relevant time period.  *See Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (holding that a petitioner's mental impairment was not "so severe as to be the but-for cause of his delay" where the petitioner "repeatedly sought administrative and judicial remedies, and . . . showed an awareness of basic legal concepts").

Therefore, the district court did not err in determining that Wilridge failed to establish an "extraordinary circumstance" that would warrant equitable tolling of his untimely habeas petition.  *See Bills v. Clark*, 628 F.3d 1092, 1099-100 (9th Cir. 2010) (setting forth test for equitable tolling of an untimely habeas petition based on mental impairment).

Accordingly, the district court properly dismissed Wilridge's habeas petition as time-barred.  The district court also did not abuse its discretion by denying Wilridge's Rule 60(b) motion.  *See Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009) (setting forth standard of review for Rule 60(b) motion).

**AFFIRMED**.