**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT JOSEPH PILGRIM,

        Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE STATE OF ARIZONA; CHARLES RYAN,

        Respondents-Appellees.

No.   16-15963

D.C. No. 2:15-cv-00856-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 15, 2017[**]
San Francisco, California

Before:  O'SCANNLAIN and RAWLINSON, Circuit Judges, and EZRA,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Petitioner Robert Joseph Pilgrim (Pilgrim) appeals the district court's dismissal of his federal habeas petition as untimely. Pilgrim asserts that he was entitled to equitable tolling of the statute of limitations because his mental impairments precluded him from timely filing his petition. Pilgrim also maintains that the district court abused its discretion in failing to conduct an evidentiary hearing and in failing to order production of his medical and psychiatric records in order to properly assess his equitable tolling claim.

Pilgrim was not entitled to equitable tolling because he did not demonstrate "a mental impairment so severe that [he] was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite [his] diligence." *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010). In the district court, Pilgrim vaguely asserted that he suffered from delusions, manic depression, schizophrenia, and paranoia that "hindered and delayed" timely filing of his federal habeas petition. However, he did not sufficiently demonstrate that his impairments were the "but-for cause of any delay." *Id.* at 1100. The record also reflects that Pilgrim's mental condition was not an impediment to seeking post-conviction relief in state court or in pursuing various forms of relief in federal court. In light of his court filings, Pilgrim failed

2

to establish that he was incapable of timely filing his federal habeas petition due to any mental impairment. *See Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (explaining that the petitioner's ability to file state habeas petitions and seek various forms of relief "refute[s] a claim of impairment so debilitating that [the petitioner] could not rationally or factually understand the meaning of a deadline") (citation and internal quotation marks omitted).

The district court did not abuse its discretion in denying Pilgrim's motions for an evidentiary hearing and for production of documents.[1] "A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith *allegation that would, if true*, entitle him to equitable tolling. . . ." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *as amended* (citation and internal quotation marks omitted) (emphasis in the original). Pilgrim's bare allegations of a mental impairment did not warrant an evidentiary hearing under this standard. Pilgrim also never demonstrated that an order from the district court was necessary to compel production of his own mental health records, particularly as it was

---

[1] The magistrate judge recommended denial of Pilgrim's pleading "entitled motion for an evidentiary hearing," and referred to Pilgrim's motion filed at Docket # 29. The *pro se* motion referenced by the magistrate judge included a request for medical records.

Pilgrim's burden to support his equitable tolling claim and to explain the nature of his mental impairment. *See Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015).

**AFFIRMED.**