**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDALL RAY MARTINO,

Petitioner-Appellant,

v.

CHRISTINE POPOFF, Superintendent,
Oregon State Correctional Institution,

Respondent-Appellee.

No.    20-35502

D.C. No. 6:17-cv-00925-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted July 7, 2021
Portland, Oregon

Before:  O'SCANNLAIN, PAEZ, and BENNETT, Circuit Judges.

Petitioner Randall Ray Martino appeals the district court's dismissal of his

28 U.S.C. § 2254 habeas petition as untimely.  We have jurisdiction under 28

U.S.C. §§ 1291 and 2253.  We review de novo the district court's dismissal of a

§ 2254 petition as untimely.  *Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014).

In doing so, we review the district court's factual findings for clear error and its

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

decision "to decline to order an evidentiary hearing . . . for abuse of discretion." *Id.* We affirm.

1.      Martino argues that the magistrate judge's findings, which were adopted by the district court, were clearly erroneous. Not so. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985). Thus, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574.

The magistrate judge's findings were plausible in light of the record. First, the magistrate judge found that Martino learned of the state's verbal 100-month plea offer during his initial trial proceedings. Martino testified before the state postconviction court that his second trial attorney had conveyed the offer to him before trial. The magistrate judge's decision to credit that testimony, rather than Martino's more recent declaration stating that his prior testimony was mistaken, was not clear error.

Second, the magistrate judge found that Martino obtained his trial attorneys' case file during his direct appeal. Because the case file contained a written record of the verbal plea offer, the magistrate judge determined that Martino could have

2

discovered the offer at that time. That finding was supported by Martino's testimony in the state postconviction hearing that his appellate attorney had provided him with a copy of the case file. Further, Martino's second trial attorney submitted a declaration and documentary evidence suggesting that he sent Martino the case file well before Martino filed his state postconviction petition. Although other evidence suggests that Martino's appellate attorney did not provide him with the case file, the magistrate judge's finding that someone provided Martino with the case file during his direct appeal was not clear error.[1] *Anderson*, 470 U.S. at 574 (stating that the fact-finder's choice between two permissible views of the evidence "cannot be clearly erroneous").

2. Martino also argues that the magistrate judge and district court abused their discretion by failing to grant Martino's request for an evidentiary hearing. We disagree. Unlike other circumstances where a district court resolved factual disputes by reviewing only competing affidavits, *see Roy v. Lampert*, 465 F.3d 964, 975 (9th Cir. 2006), here the magistrate judge's findings relied on Martino's prior testimony, which clearly stated that he learned of the plea offer during the trial proceedings. The primary factual dispute was between Martino's postconviction testimony and the declaration he submitted to the district court

---

[1] In addition to precluding Martino's argument for statutory timeliness, the magistrate judge's findings also support the denial of Martino's claim for equitable tolling.

3

following the state's Answer.  Although some evidence supported Martino's more recent version of events, the magistrate judge's decision to credit Martino's earlier testimony without holding an evidentiary hearing was not an abuse of discretion. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

**AFFIRMED.**