**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DESMOND ALAN MACKAY,

Petitioner - Appellant,

v.

PETER BLUDWORTH; ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

Respondents - Appellees.

No. 23-4413

D.C. No.
4:23-cv-00051-BMM-JTJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted February 5, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Desmond Alan Mackay ("Petitioner") appeals the district court's order that

denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court denied the petition as untimely and granted a certificate of appealability as to whether Petitioner is entitled to equitable tolling to excuse that untimeliness. *See* 28 U.S.C. § 2253(c). We have jurisdiction to consider that question pursuant to 28 U.S.C. §§ 1291 and 2253(a).

We review the denial of a habeas petition on the basis of the statute of limitations de novo. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). Because the parties are familiar with the facts, we recite them here only as necessary to explain our decision. For the reasons that follow, we affirm the district court's denial of the petition.

The limitations period for the kind of petition at issue here is one year. 28 U.S.C. § 2244(d)(1); *see also Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). All agree that Petitioner filed over five years late because his petition was not filed until August 2023 when it would have been due on March 13, 2018. Petitioner argues that the untimeliness should be excused via equitable tolling. In our Circuit, "equitable tolling is unavailable in most cases, and is appropriate only if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citation and quotation marks omitted). To obtain the benefits of equitable tolling, Petitioner must establish that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing his habeas petition.

*Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner must also demonstrate that the extraordinary circumstance was the actual cause of his failure to timely file the petition. *See Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010).

The district court correctly concluded that none of Petitioner's asserted bases for equitable tolling have merit. First, Petitioner's attempts to obtain postconviction relief in state court do not excuse his failure to file his habeas petition in federal court before the March 13, 2018, deadline. Petitioner concedes that his first postconviction filing in state court was a motion to withdraw his guilty plea filed in May 2018—two months after the limitations period for his § 2254 petition expired. It cannot be true that this state court proceeding, or any subsequent ones, prevented Petitioner from filing within the limitations period when they did not even begin until after that period had already expired.

As to any mental or cognitive impairment, Petitioner has failed to make the required showing that "the impairment was so severe that either (a) [he] was unable rationally or factually to personally understand the need to timely file, or (b) [his] mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). While Petitioner points to medical records that he says show he "suffers from learning disabilities [and] that he suffers from major depressive disorder," among other illnesses, he does not proffer evidence to support or explain why those

disabilities were so severe that they prevented him from timely filing his petition. Mental or cognitive impairment is therefore not a basis for equitable tolling here.

Petitioner's argument that the "conditions of his confinement" excuse his untimely filing fares no better. Petitioner's brief does not describe the specific conditions to which he refers or explain why they were so severe that they caused him to file his petition more than five years late. *See Ramirez*, 571 F.3d at 998 (holding that "ordinary prison limitations on [the petitioner's] access to the law library" were not a basis for equitable tolling without further explanation). Petitioner's failure to explain how the conditions of his confinement went beyond ordinary restrictions is fatal to this argument.

We also reject Petitioner's argument that allegedly deceitful representations by his trial counsel, which led him to voluntarily dismiss his direct appeal in state court, caused Petitioner to miss the deadline. Petitioner's conviction became final after that direct appeal was dismissed, when the Montana Sentence Review Division affirmed his sentence. Even if the alleged misrepresentations by his counsel somehow had a later effect on Petitioner's ability to file for habeas relief, Petitioner does not explain what those misrepresentations were or how they affected his ability to file his federal habeas petition on time.

In sum, Petitioner has not cleared the high burden of establishing an entitlement to equitable tolling. His asserted bases for excusing his more than five-

year delay are conclusory, and he does not explain how any of them caused his untimeliness, as he is required to do. We therefore affirm the district court's conclusion that Petitioner has not demonstrated that he is entitled to equitable tolling.[1]

**AFFIRMED.**

---

[1] Given the record before the district court, we also reject Petitioner's alternative request for an evidentiary hearing to evaluate his claims. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (explaining a district court is not obligated to hold evidentiary hearings to develop a factual record under these circumstances).