**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KLEE CHRISTOPHER ORTHEL, *Petitioner-Appellant*, <br><br> v. <br><br> JAMES A. YATES, Warden, *Respondent-Appellee*. | No. 12-17165 <br><br> D.C. No. 3:10-cv-03612-SI <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
Susan Y. Illston, Senior District Judge, Presiding

Argued and Submitted
June 17, 2015—San Francisco, California

Filed July 28, 2015

Before: Michael Daly Hawkins, N. Randy Smith,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Hawkins

## SUMMARY[*]

### Habeas Corpus

The panel affirmed the district court's order dismissing California state prisoner Klee Christopher Orthel's habeas corpus petition as untimely.

The panel held that the district court did not clearly err in finding that Orthel possessed sufficient mental competence to understand the need to timely file a petition and to personally prepare and effectuate a filing, and that the district court therefore did not err in determining that Orthel did not establish an exceptional circumstance that would warrant equitable tolling of AEDPA's one-year statute of limitations. The panel also held that the district court did not abuse its discretion in deciding not to hold an evidentiary hearing. The panel rejected Orthel's contention that a petitioner is entitled as a matter of law to an evidentiary hearing upon making a prima facie showing that would, if true, entitle him to equitable tolling.

### COUNSEL

Noel J. Francisco, James M. Burnham (argued), Sarah A. Hunger and Matthew R. McGuire, Jones Day, Washington, D.C., Pro Bono Counsel for Petitioner-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Kamala D. Harris, Attorney General of California, Gerald A. Engler, Senior Assistant Attorney General, Peggy S. Ruffra (argued), Supervising Deputy Attorney General, San Francisco, California, for Respondent-Appellee.

## OPINION

HAWKINS, Circuit Judge:

Petitioner-Appellant Klee Christopher Orthel ("Orthel") appeals an order of the district court granting Respondent-Appellee Warden James A. Yates's ("the State") motion to dismiss as untimely Orthel's habeas petition. Orthel argues he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations due to mental incompetence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, Orthel was convicted of first-degree murder and use of a firearm in violation of California Penal Code § 187. The trial court sentenced Orthel to twenty-nine years to life in prison, and Orthel appealed. The California Court of Appeal affirmed the conviction in 1998, and the California Supreme Court denied review later that year.

Orthel sought no further relief until he filed a federal habeas petition on August 17, 2010, in which he raised a single claim of instructional error. The State moved to dismiss the petition as untimely, citing the one-year AEDPA bar, 28 U.S.C. § 2244(d). Orthel opposed, arguing he was entitled to equitable tolling of the one-year bar due to mental incompetence. In support of his opposition, Orthel submitted

one nine-page document showing that Orthel had previously been involuntarily medicated. After reviewing that evidence, the district court denied the State's motion to dismiss. However, the district court also directed that Orthel provide a complete copy of his mental health records to the State. After obtaining Orthel's mental health records, the State filed a renewed motion to dismiss and lodged Orthel's entire 2,266-page medical record with the court.

After reviewing Orthel's medical records, the district court dismissed the petition as untimely, finding that Orthel did not show an extraordinary circumstance or diligence as required for equitable tolling. Specifically, the court found "Petitioner's medical records establish that he was a sufficiently competent and capable individual to manage his own affairs from June 1998 through 2005," and "Petitioner's medical records during the relevant times show an eight year period, starting in June 1998 and ending in 2006, when petitioner was largely stable." Orthel did not request an evidentiary hearing, nor did the district court order one *sua sponte*.

Orthel timely appealed the district court's order, but his counsel failed to appear at oral argument in October 2013. We subsequently ordered termination of Orthel's counsel, appointed pro bono counsel, and set a schedule for replacement briefing. On appeal, we consider two questions: (1) whether the district court erred in determining that Orthel is not entitled to equitable tolling; and (2) whether the district

court was obligated to order an evidentiary hearing to evaluate Orthel's claim.[1]

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's dismissal of a petition for habeas corpus as untimely under AEDPA's statute of limitations. *Summers v. Schriro*, 481 F.3d 710, 712 (9th Cir. 2007). We review the district court's factual findings pertaining to competency for clear error. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). A district court's decision to grant an evidentiary hearing to review the factual basis of an equitable tolling argument is reviewed for abuse of discretion. *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

## ANALYSIS

## I.  Equitable Tolling for Mental Incompetence

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations if diligent pursuit of rights and extraordinary circumstances standing in the way of a timely filing can be shown. *Bills*, 628 F.3d at 1096 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability

---

[1] The district court granted a Certificate of Appealability as to the first question, and we expand the Certificate of Appealability to include the second. 9th Cir. R. 22-1(e).

personally to prepare a habeas petition and effectuate its filing. *Id.* at 1099–1100; *see also id.* at n.2 (emphasizing the disjunctive nature of test).

"[T]he petitioner must [also] show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.* at 1100. Orthel argues that he satisfied *Bills* because he was unable to understand the need to timely file and acted diligently given the effect of the mental impairment on his capacity to understand that need.

The district court did not clearly err in finding that Orthel possessed sufficient mental competence to understand the need to timely file a petition and to personally prepare and effectuate a filing. Although Orthel grappled periodically with significant mental health issues during his incarceration, the voluminous medical and prison records show it was not unreasonable for the district court to determine that Orthel was capable of understanding the need to timely file and effectuating a filing.[2] *See Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (citations omitted).

---

[2] Orthel's contention that the district court erred in failing to consider the entire record is unfounded. The court discussed a wide range of evidence spanning 1997 to 2006 that included psychiatric observations, medication history, and prison programming participation. Furthermore, the district court denied the State's initial motion to dismiss so that the parties could review the extensive medical records, which were filed with the court.

Substantial evidence shows that Orthel possessed sufficient competence and capability in the year following the date on which the state court judgment became final (July 1998 to July 1999). In late June 1998, Orthel was described as "fully alert and oriented" with "fairly good" insight and judgment regarding his illness. On October 6, 1998, he was described as responsive, clear, coherent, and high functioning. On November 6, 1998, "his thought . . . process was primarily clear, rational, and organized." Thus, even if we were to limit our inquiry to the year in which Orthel was required to file a petition under AEDPA, the district court's findings were not clearly erroneous. Furthermore, the entire eleven-year period (between the date on which the statute of limitations began to run and the date on which Orthel filed his petition) contained significant spans of time in which Orthel participated productively in correspondence courses, college-level classes, and prison programming that required substantial mental competence.[3] Thus, the district court did not err in determining that Orthel did not establish an exceptional circumstance that would warrant equitable tolling.

---

[3] Given that we affirm the district court's "competency" finding, we need not determine whether Orthel showed diligence. *See Bills*, 628 F.3d at 1099–1100 (petitioner must satisfy "two-part test"). Yet, we could also affirm based on Orthel's failure to make such a showing before the district court, despite having the burden to do so. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). In addition, Orthel is unable to satisfy this prong because he cannot establish that his incompetence made it "impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Bills*, 628 F.3d at 1100. Orthel's participation in litigation in 2001 indicates that counsel may have been reasonably available.

## II. Evidentiary Hearing

"Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts*, 627 F.3d at 773. Applying *Roberts*, the district court did not abuse its discretion in deciding not to hold an evidentiary hearing.

When the district court was presented with the State's initial motion to dismiss, the record had not yet been amply developed as required by *Roberts*. Recognizing the deficiency in the record, the district court requested supplemental briefing, held a hearing on the motion, and ultimately denied the motion to dismiss. The court then directed Orthel to provide the State with a complete copy of his medical and prison records, which the State subsequently lodged with the court. At that point, the court had before it more than 2000 pages of medical and prison records that very strongly confirmed that—despite fluctuations in his mental health—Orthel possessed sufficient competence during much of the eleven-year span to understand the need to file and effectuate a filing. Only after reviewing the entirety of Orthel's records did the district court grant the State's renewed motion to dismiss. The district court's actions demonstrated sensitivity to the obligation to ensure that the record is amply developed, pursuant to *Roberts*, and to make a determination based on the "totality of the circumstances," as required by *Bills*.

Orthel contends that two other decisions from our court establish a rule that a petitioner is entitled as a matter of law to an evidentiary hearing upon making a prima facie showing that would, if true, entitle him to equitable tolling. *See Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006); *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003).[4] Not so. *Laws* and *Roy* provide a more nuanced rule that further factual development may be required when a petitioner makes a good-faith allegation that tolling is warranted, depending on the sufficiency of the record that was before the district court. The two cases contain seemingly broad mandatory language, but their holdings and reasoning are fact-bound.

Accordingly, we stated in *Roy* that a "habeas petitioner like Roy . . . should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true,* entitle him to equitable tolling,'" 465 F.3d at 969 (quoting *Laws*, 351 F.3d at 919), but justified the disposition based on the record's conflicting affidavits, *id.* at 975. Similarly, in *Laws* we granted remand for further factual development "because Laws has made a good-faith allegation that would, if true, entitle him to equitable tolling," but narrowly justified the decision on the basis that the "record in this case is patently inadequate . . . to allow us or any other court to evaluate the strength of Laws's claim." 351 F.3d at 921, 924. In both cases, the operative language discusses a particular petitioner (rather than stating broad rules applying to all courts and all

---

[4] Decided several days prior to *Roberts*, our decision in *Bills* did not establish a standard for when a district court must hold an evidentiary hearing or further develop the record for the purpose of assessing a claim for equitable tolling, nor was the appeal decided on this basis. *See Bills*, 628 F.3d at 1095 (9th Cir. 2010) (noting district court held evidentiary hearing and remanding for proper application of test for competency).

petitioners) and then elaborates the fact-specific rationale for the disposition.

*Roberts* harmonizes these cases by comparing factual contexts and providing a broad holding that when the record "is amply developed" and does not indicate the mental incompetence caused the untimely filing, a district court need not hold evidentiary hearings to further develop the factual record. 627 F.3d at 773. Thus, *Roberts* provides a recent refinement of the parameters that guide when a district court should hold an evidentiary hearing to evaluate the merits of an argument for equitable tolling.

We decline Orthel's suggestion that we adopt a simple mandatory test requiring an evidentiary hearing whenever a petitioner makes a non-frivolous showing. Here, unlike in *Laws* and *Roy*, the district court had an amply developed record full of relevant evidence allowing a well-supported ruling concerning Orthel's mental competence. Orthel did not request a hearing to further develop the record, and the court did not err in determining that it did not need to do so *sua sponte*.

## CONCLUSION

We affirm the dismissal of Orthel's petition as untimely. There was no error in determining that Orthel did not establish that he could not understand the need to file a timely petition or effectuate a filing. Nor did the district court abuse its discretion in reaching a decision absent an evidentiary hearing.

**AFFIRMED.**