**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMAR TERRELL TAYLOR, | No. 16-15426 |
| Petitioner-Appellant, | D.C. No. 3:08-cv-00401-RCJ-VPC |
| v. | |
| TIMOTHY FILSON and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and CARNEY,[**] District Judge.

Omar Taylor appeals the district court's denial of equitable tolling of the

Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

limitations to file a federal habeas petition. In 1997, Taylor entered a written plea agreement pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). He did not file a direct appeal. Rather he filed two state habeas claims—one in 2003, and one in 2007—both of which were dismissed as untimely. He filed his federal habeas petition on July 14, 2008. The federal district court also dismissed the petition as time-barred. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Taylor filed his petition nearly ten years after the one-year statute of limitations had run on his conviction. *See* 28 U.S.C. § 2244(d), (d)(1)(A) (imposing a one-year statute of limitations on the filing of federal habeas corpus petitions, which runs from either the date a petitioner's judgment becomes final by conclusion of direct review or the date that time for seeking direct review expired).

Although Taylor alleges that his mental health issues made him unable rationally or factually to personally understand the need to timely file, or unable personally to prepare a habeas petition and effectuate its filing, *see Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010), we hold that, like the petitioner in *Orthel v. Yates*, 795 F.3d 935 (9th Cir. 2015), Taylor "grappled periodically with significant mental health issues," but "the voluminous medical and prison records show it was not unreasonable for the district court to determine that [Taylor] was capable of understanding the need to timely file and effectuating a filing." *See id.* at 949; *see*

2

*also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that to qualify for equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).  He was in the general prison population for approximately three years, where he performed a number of jobs.  He also filed two state post-conviction actions, indicating that he had the means to file a federal action.  Moreover, given the voluminous, complete, and undisputed medical record, the district court did not abuse its discretion in declining to hold an evidentiary hearing.

**AFFIRMED.**