NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM SHROPSHIRE,<br><br>        Petitioner-Appellant,<br><br>v.<br><br>ISIDRO BACA and ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>        Respondents-Appellees. | No. 16-15214<br><br>D.C. No. 3:14-cv-00118-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted October 19, 2017
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36.3.

[**]      The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

William Shropshire appeals the district court's dismissal of his petition for writ of habeas corpus, challenging convictions for one count of kidnapping and multiple counts of robbery with use of a deadly weapon. The district court dismissed the petition on the ground that it was barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. The appellant presents two arguments on appeal: first, that he is entitled to equitable tolling, and second, that he is actually innocent of the kidnapping charge.

We review *de novo* a district court's decision to dismiss a petition for writ of habeas corpus under the AEDPA's statute of limitations. *Summers v. Schriro*, 481 F.3d 710, 712 (9th Cir. 2007); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 1291.

The appellant waived a state appeal and thereafter, in 2010 and 2013, filed unsuccessful state writs of habeas corpus. The appellant's federal petition for writ of habeas corpus was filed February 2014, more than three years after his only timely filed state petition.

The AEDPA establishes a one-year limitations period for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). The period runs from "the date on which the [state] judgment [becomes] final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The appellant concedes that his federal habeas petition was untimely, but he asserts that

he qualifies for equitable tolling due to his inability to access state records and his mental incompetence.

The appellant is not entitled to equitable tolling due to his inability to obtain trial records or medical records. During the period for which tolling is sought, the appellant filed a motion to modify the judgment and two state habeas petitions. Therefore, it cannot be said that the appellant's lack of access to the state records constitutes "an extraordinary circumstance" that made "it impossible to file a petition on time." *See Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (quotation omitted).

The appellant is also not entitled to equitable tolling based on mental incompetence. A petitioner seeking equitable tolling due to mental incompetence must show "an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015). The appellant was judged competent before he was sentenced in September 2009, and the record does not reflect any finding of incompetence after that time. Furthermore, he filed several state petitions during the years after his sentencing, indicating that he was capable of preparing and filing habeas petitions. It is, therefore, not evident that mental incompetency rendered the appellant unable "to prepare a habeas petition and effectuate its filing". *Id*.

3                                                                      16-15214

The appellant also claims that he is actually innocent of the kidnapping charge because the state cannot prove the "asportation" element of kidnapping with regard to one of the victims. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013); s*ee also Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The appellant cannot access this "gateway" because the record before us does not reveal new evidence in light of which "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

The kidnapping charge to which the appellant entered a plea of guilty was one of eleven similar charges. Even if the appellant established that the asportation element was not proved in the count to which he entered a plea, there are ten potential robbery or kidnapping charges for which no proof of innocence has been presented. Therefore, the appellant has not demonstrated that he is actually innocent of the crimes to which he pled guilty. *Id.*

At oral argument, counsel for the appellant argued that our recent decision in *Gonzalez v. Sherman*, No. 1556855, 2017 WL 4532464 (9th Cir. Oct. 11, 2017), extended the time to file a federal habeas petition. In *Gonzalez*, we held that the AEDPA's statute of limitations clock restarts when a state-court judgment is

amended.  *Id.*   The appellant successfully had his judgment amended to reflect credit for time served on November 4, 2010.  Therefore, *Gonzalez* does not aid the appellant's equitable tolling claim because he did not file his federal habeas petition within one year of that date.  Accordingly, the appellant has failed to show that he is entitled to equitable tolling or is actually innocent and thereby overcomes the AEDPA's one-year statute of limitations.

The judgment of the district court is AFFIRMED.

16-15214