**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRISTOBAL MIGUEL GONZALEZ-
AGUILERA,

          Petitioner-Appellant,

v.

MARK NOOTH,

          Respondent-Appellee.

No. 17-35066

D.C. No. 2:14-cv-00325-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 5, 2018[**]
Portland, Oregon

Before: N.R. SMITH and HURWITZ, Circuit Judges, and CURIEL,[***] District
Judge.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]    The Honorable Gonzalo P. Curiel, United States District Judge for the
Southern District of California, sitting by designation.

Cristobal Gonzalez-Aguilera appeals the district court's dismissal of his federal habeas petition as time barred under the one-year limitations period of 28 U.S.C. § 2244(d)(1). Gonzalez-Aguilera concedes untimeliness, but argues he is entitled to equitable tolling because a mental impairment prevented him from filing the petition on time and he was unable to access legal materials during part of his incarceration. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

1.      We review the district court's findings regarding mental competency for clear error. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). A petitioner is entitled to equitable tolling due to mental impairment when the petitioner meets a two-part test:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>
>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>>
>> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Id.* at 1099-1100 (citation omitted).

2

The district court did not commit clear error in finding that Gonzalez-Aguilera's mental impairment did not prevent him from timely filing his habeas petition. In *Yow Ming Yeh v. Martel*, we held that the petitioner was not entitled to equitable tolling—despite his mental impairment—because he "repeatedly sought administrative and judicial remedies, and throughout the[] proceedings showed an awareness of basic legal concepts." 751 F.3d 1075, 1078 (9th Cir. 2014). The district court found that Gonzalez-Aguilera's mental impairment did not prevent a timely filing, because he was able to:

> (1) file four state habeas corpus actions and one federal civil rights case during the time the AEDPA's statute of limitations was running; (2) request counsel and file his first federal habeas corpus case in 2011, a filing that was more than "minimally adequate;" and (3) timely file for state collateral relief in the form of a [post-conviction relief] action challenging his underlying convictions on the basis of ineffective assistance of counsel.

In addition, the district court found that Gonzalez-Aguilera's temporary lack of access to legal materials did not prevent a timely filing "especially where he was able to file five other lawsuits in state and federal court."

2.      Gonzalez-Aguilera asserts that he was entitled to an evidentiary hearing. "A district court's decision to grant an evidentiary hearing to review the factual basis of an equitable tolling argument is reviewed for abuse of discretion." *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015). "District courts have limited resources

3

(especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Gonzalez-Aguilera argues that "[t]o the extent that [we are] unable to determine why [the other] state and federal cases were dismissed," we should remand for an evidentiary hearing to further develop the record. However, the critical point is that those cases were filed during the limitations period, not why they were dismissed. Gonzalez-Aguilera was given a full opportunity to submit briefing and exhibits regarding his equitable tolling claim. Thus, the district court did not abuse its discretion when it did not hold an evidentiary hearing.

**AFFIRMED.**