**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SAUCEDA-CONTRERAS, | No. 17-55044 |
| Petitioner-Appellant, | D.C. No. 8:15-cv-01117-JAK-PLA |
| v. | |
| M. ELIOT SPEARMAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted August 30, 2018
Pasadena, California

Before: WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Jose Sauceda-Contreras filed an untimely federal petition for habeas corpus.

The district court dismissed Sauceda-Contreras's petition, concluding that he was

not entitled to equitable tolling on the basis of his claimed mental impairment and

that he was not entitled to an evidentiary hearing or a court-appointed expert to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

develop his equitable tolling claim. Sauceda-Contreras appeals that dismissal. We have jurisdiction under 28 U.S.C. § 2253. We review *de novo* the district court's dismissal of a habeas petition as untimely, and we review its decisions whether to hold an evidentiary hearing or appoint an expert for abuse of discretion. *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). We affirm.

1.      The district court properly held that Sauceda-Contreras was not entitled to equitable tolling based on his allegation that he suffers from an unidentified mental impairment. *See Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). The only evidence Sauceda-Contreras offered in support of his claimed mental impairment shows at most a lack of legal knowledge and a low literacy level, conditions that do not justify equitable tolling. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986).

2.      The district court did not abuse its discretion in dismissing the petition as untimely without holding an evidentiary hearing. Sauceda-Contreras's alleged lack of legal knowledge and low literacy level did not warrant an evidentiary hearing because those allegations, even if true, would not entitle him to equitable tolling for the reason identified above. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th

2

Cir. 2006). And despite multiple requests from the district court, Sauceda-Contreras failed to support his conclusory assertions with any other evidence "showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing." *Bills*, 628 F.3d at 1100; *see also Coleman v. McCormick*, 874 F.2d 1280, 1284–85 (9th Cir. 1989) (en banc).

3.     The district court did not abuse its discretion in declining to appoint an expert. Sauceda-Contreras, who has been represented by counsel throughout his habeas proceedings, bears the burden to justify his request for equitable tolling. *Rasberry*, 448 F.3d at 1153. And given his failure to make the requisite threshold showing that he suffered from a mental impairment during the filing period, *Bills*, 628 F.3d at 1100, the district court's decision to forgo the appointment of an expert was not an abuse of discretion. *Cf. Cacoperdo v. Demosthenes*, 37 F.3d 504, 510 (9th Cir. 1994) (finding that a habeas petitioner's "conclusory allegation of unspecified mental illness" was insufficient to warrant a "psychiatric evaluation to determine his competency" to stand trial).

4.     Because we affirm the district court's judgment that Sauceda-Contreras failed to show a mental impairment, we need not address whether he showed diligence. *Orthel*, 795 F.3d at 939 n.3.

**AFFIRMED**.

3