NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES JORDAN MCCLAIN,

　　　　　Petitioner-Appellant,

　v.

ROBERT NEUSCHMID, Warden,

　　　　　Respondent-Appellee.

No.　21-56035

D.C. No.
8:20-cv-00656-SVW-LAL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted July 19, 2023
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and BENNETT,[**] District
Judge.
Concurrence by Judge BENNETT.

　　　California state prisoner James Jordan McClain, who was convicted of murder

in 1994, appeals the district court's denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we deny

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

McClain's petition as untimely.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year limitations period for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Where a petitioner raises a claim based on newly discovered evidence, the limitations period begins to run when the petitioner "knows or through diligence could discover the vital facts" underlying his claim, "regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *see also* 28 U.S.C. § 2244(d)(1)(D). The limitations period is "subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But equitable tolling is "a very high bar, and is reserved for rare cases." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). A petitioner must demonstrate that, during the one-year limitations period, he was "pursuing his rights diligently" *and* "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). Absent a showing of actual innocence, after AEDPA's one-year limitation period expires, a petitioner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed" in federal court. *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

---

[1]We review de novo whether a petitioner's habeas petition was timely filed, *Rudin v. Myles*, 781 F.3d 1043, 1053 (9th Cir. 2014), and "we may affirm [the] denial of habeas relief on any ground supported by the record," *Prescott v. Santoro*, 53 F.4th 470, 479 n.6 (9th Cir. 2022) (internal quotation marks and citation omitted).

McClain asserts the State violated his constitutional rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the statement of a witness who could not be located for trial and by losing a photo of the witness. AEDPA's one-year limitations period for this *Brady* claim began running on January 31, 2016, when McClain received a letter from the missing witness with her exculpatory statement.[2] But McClain waited nearly two years before filing a state habeas petition asserting a *Brady* claim based on this new evidence. *See Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) ("AEDPA allows a petitioner just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition."). Therefore, he must demonstrate that within one year of receiving the witness's letter he was both "pursuing his rights diligently" *and* "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). He has failed to make this showing.

"Extraordinary circumstances" exist when some "external force . . . cause[s] the untimeliness." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Even assuming McClain exercised the requisite "reasonable diligence," *Holland*, 560 U.S. at 653, his inability to obtain legal assistance or to obtain a sworn

---

[2]McClain's counsel conceded at oral argument that the limitations period began to run on McClain's *Brady* claim when McClain received a copy of the missing witness's letter in 2016. The record reflects that McClain received the witness's letter in January 2016, but does not specify an exact date. We therefore assume that McClain received the letter on January 31, 2016.

affidavit from the missing witness do not constitute "extraordinary circumstances beyond [his] control" that made it "*impossible* [for him] to file a petition on time," *Ford*, 683 F.3d at 1237; *see, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). He could have sought habeas relief within the one-year limitations period by presenting the witness's unsworn letter as support. Indeed, when McClain ultimately filed his state habeas petition nearly two years after receiving the letter, that is exactly what he did.[3]

Moreover, the California Superior Court's rejection of the missing witness's unsworn letter as hearsay in its denial of McClain's state habeas petition could not have *caused* his failure to file his petition during the limitations period because those events had not yet occurred. *See Roy v. Lampert*, 465 F.3d 964, 972 (9th Cir. 2006) (discussing cases where equitable tolling did not apply because more than one year passed before the claimed extraordinary circumstances justifying equitable tolling arose). Thus, we need not remand to the district court to conduct a hearing on equitable tolling because "the record 'is amply developed' and does not indicate [that

---

[3]Because more than one year passed between the date AEDPA's limitations period began to run on McClain's *Brady* claim and his filing of a state habeas petition, he cannot benefit from tolling under § 2244(d)(2) for time spent exhausting his claim in state court. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

the alleged extraordinary circumstances] caused the untimely finding." *Orthel v. Yates*, 795 F.3d 935, 940 (9th Cir. 2015).

Even if we found that McClain's petition was timely and not procedurally defaulted, we would deny it on the merits. McClain argues that the missing witness would have corroborated his self-defense theory or helped establish a lesser offense than first degree murder. Under California law, "[t]he right of self-defense exists only as long as the real or apparent threatened danger continues to exist. When the danger ceases to appear to exist, the right to use force in self-defense ends." CALJIC No. 5.52; *see also* CALJIC No. 5.53. Although the missing witness's statement corroborates McClain's trial testimony that the victim was the aggressor and another witness who testified that he saw the victim assume a "combative stance," all the other witnesses at trial testified that the victim did not act aggressively. And multiple witnesses—including McClain himself—testified that McClain shot the victim as the victim was running away. Additionally, McClain fired multiple shots from his car window as he fled the scene, which also undercuts his assertion that he shot the victim impulsively in self-defense upon a "sudden quarrel" and in the "heat of passion." Considering the missing witness's statement in the context of the entire record, *Turner v. United States*, 582 U.S. 313, 324–25 (2017), there is not "a reasonable probability" that the jury would have reached a different result, *Kyles v.*

5

*Whitley*, 514 U.S. 419, 433–34 (1995).[4]

**AFFIRMED.**

---

[4]McClain also has not demonstrated that the photograph of the witness that the State lost had any material exculpatory value as required under *California v. Trombetta*, 467 U.S. 479, 488–89 (1984), or that the State acted in bad faith as required under *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), *see Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004).

*James Jordan McClain v. Robert Neuschmid*, No. 21-56035

BENNETT, Senior District Judge, sitting by designation, concurring in the judgment:

I concur with my distinguished colleagues that the district court's denial of James Jordan McClain's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be AFFIRMED. However, I concur in the judgment based on the merits and not on a finding that the petition was untimely.

For equitable tolling purposes, this Court has held that equitable tolling is meant to be interpreted narrowly. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available 'only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness.'"). Nevertheless, consistent with *Holland v. Florida*, 560 U.S. 631 (2010), "our cases have applied this 'impossibility' standard leniently, rejecting a literal interpretation." *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). Indeed, this Court has held that equitable tolling "does not impose a rigid 'impossibility' standard on litigants, especially not on '*pro se* prisoner litigants.'" *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020).

In December 2017, when McClain filed a petition relying only on the missing witness's unsworn letter, the California Superior Court dismissed his

petition for relying on inadmissible evidence. When he obtained a sworn affidavit from that witness in 2019, his petition was dismissed as successive, and his claim was foreclosed. Thus, while McClain could have technically filed the same petition ten months earlier, such a filing would have been both futile and prejudicial. Accordingly, I find that McClain's petition should not be procedurally defaulted and I would address the merits.

However, I concur with my colleagues that the district court's denial of the petition in this matter should be AFFIRMED on the merits for the reasons set forth in the majority opinion.