**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRAYVON R CAIL,

       Petitioner - Appellant,

 v.

DONALD HOLBROOK,

       Respondent - Appellee,

and

STATE OF WASHINGTON,

       Respondent.

No. 23-2774

D.C. No.
2:22-cv-00031-LK

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Argued and Submitted December 4, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.
Dissent by Judge R. NELSON.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Habeas petitioner Cail Holbrook appeals the district court's order dismissing his federal habeas petition as untimely and denying him an evidentiary hearing on the issue of whether he is entitled to equitable tolling. The statute of limitations may be equitably tolled if Cail shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because Cail has averred sufficient facts to warrant an evidentiary hearing, we reverse and remand.

1. During his direct appeal and state collateral proceedings, Cail was represented by an attorney from the Law Offices of John Henry Browne ("Browne"). Cail asserts that his former attorney's misconduct caused his untimely filing. In assessing whether an attorney's conduct constitutes an extraordinary circumstance, we differentiate between "professional misconduct," which meets the extraordinary circumstances standard, and "garden variety negligence," which does not. *See Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). An attorney's miscalculation of the limitations period constitutes garden variety negligence and does not warrant equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th Cir. 2011); *Holland*, 560 U.S. at 651-52. In contrast, "affirmatively misleading a petitioner to believe that a timely petition has

been or will soon be filed can constitute egregious professional misconduct" warranting equitable tolling. *Luna*, 784 F.3d at 647; *see also Doe*, 661 F.3d at 1011.

The State contends that under *Maples v. Thomas*, 565 U.S. 266 (2012), no attorney misconduct falling short of abandonment can constitute an extraordinary circumstance for equitable tolling purposes. *Luna* explicitly rejected that proposition, clarifying that "egregious attorney misconduct of all stripes may serve as a basis for equitable tolling." 784 F.3d at 649.

2. On appeal, Cail contends only that the district court erred in denying his request for an evidentiary hearing on the issue of equitable tolling. A petitioner "should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (emphasis in original) (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003)).[1] Alternatively, "when the record 'is amply developed' and does not indicate the [extraordinary circumstance] caused the untimely filing, a district court need not hold evidentiary hearings to further develop the factual record."

---

[1] The State asserts that submission of evidence substantiating the allegations supporting equitable tolling is necessary to obtain an evidentiary hearing, relying on *Morris v. California*, 966 F.2d 448, 455 (9th Cir. 1991). *Morris* addressed whether a petitioner could procure an evidentiary hearing on the issue of her attorney's alleged conflict of interest. In contrast, to obtain an evidentiary hearing in the equitable tolling context, good faith allegations suffice. *See Roy*, 465 F.3d at 969; *Laws*, 351 F.3d at 921; *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010); *Orthel v. Yates*, 795 F.3d 935, 940 (9th Cir. 2015); *Sossa v. Diaz*, 729 F.3d 1225, 1227-28, 1236 (9th Cir. 2013).

*Orthel v. Yates*, 795 F.3d 935, 940 (9th Cir. 2015) (quoting *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010)). A pro se petitioner's allegations are construed liberally in assessing whether they warrant an evidentiary hearing. *Roy*, 465 F.3d at 970.

The underdeveloped record in this case leaves it unclear what representations Browne's office made to Cail regarding his federal petition. The only written representation agreement in the record makes no mention of a federal habeas petition. [2] Likewise, Browne's declaration does not indicate that he agreed to represent Cail during the federal proceedings, and Cail's habeas petition was filed pro se. But other evidence in the record suggests that the Browne firm did agree to assist Cail with his federal petition.

First, Cail has averred that he "was under the impression that the firm would handle the habeas corpus petition." Second, a paralegal from Browne's firm continued to communicate with Cail about his federal habeas claim. Specifically, the paralegal provided Cail with a filled-out habeas petition along with instructions for filing it with the district court. Third, Cail asserts that "[a]ll notices from the [federal] court w[ere] sent through Mr. Browne[']s office," and there is evidence in the record

---

[2] The written representation agreement in the record defines the scope of services as including only "Sentencing, Arrest of Judgment, if appropriate, and Direct Appeal." Browne's representation, however, extended beyond the terms of this agreement, as Browne represented Cail during state collateral proceedings. The initial agreement is therefore not a reliable indication of the scope of Browne's representation of Cail.

that Browne's paralegal forwarded Cail documents that had been filed in Cail's federal habeas case, corroborating Cail's assertion.[3] This conduit arrangement would have been a curious one unless the Browne firm had agreed to assist with Cail's federal habeas petition.

This evidentiary uncertainty highlights the need for an evidentiary hearing to determine what representations Browne made to Cail regarding the Browne firm's involvement in the federal habeas petition, and when.

3. Beyond making allegations and providing evidence of Browne's assistance with his federal petition, Cail has also suggested the possibility of affirmative misrepresentations or other professional misconduct. He stated that he was "not informed of Mr. Browne's discontinued service until after this Court sent him a notice . . . [e]ffectively stating that Cail was time-barred."[4] If true, the fact that Cail was not told that Browne was not representing him until after Cail learned of the timeliness problems from the court raises the possibility that Browne made misrepresentations to Cail regarding his habeas petition. Elsewhere, Cail alleged that

---

[3] The district court disregarded the evidence that Browne's paralegal continued to contact Cail about his federal habeas petition, noting that the statute of limitations had already run by the time of the paralegal's communications. In doing so, the district court failed to consider whether those communications were probative of a prior agreement for assistance that may have impacted Cail's decision not to file a habeas petition within the limitations period.

[4] Presumably, the "notice" Cail referenced was the magistrate judge's report & recommendation, which advised the district judge to hold that Cail's claim is time barred.

his untimely habeas petition resulted from the fact that Browne "didn't disclose notices in time and failed to timely file a response." Although it is unclear what notices were not disclosed or what response was not timely filed, these allegations, along with the unusual circumstances surrounding Browne's representation, suggest the possibility of professional misconduct warranting equitable tolling.

While the evidence proffered so far certainly does not establish that Cail is entitled to equitable tolling, "we do not require [Cail] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for tolling." *Laws*, 351 F.3d at 924. Rather, it is enough for us to conclude that "[t]he record in this case is patently inadequate . . . to allow us or any other court to evaluate the strength of [Cail's] claim." *Id*. Moreover, we read Cail's allegations in light of the fact that he was proceeding pro se. "[E]ven though *pro se* status alone is not enough to warrant equitable tolling, it informs and colors the lens through which we view the filings, and whether these filings made sufficient allegations." *Roy*, 465 F.3d at 970. Interpreted in this light, we conclude that Cail's allegations suffice to trigger the need for an evidentiary hearing and remand for that purpose.

4. To obtain equitable tolling, Cail must also show that he diligently pursued his rights. *See Holland*, 560 U.S. at 653. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. (citation and internal quotation marks omitted). "Reasonable diligence requires only 'the effort

6

that a reasonable person might be expected to deliver under his or her particular circumstances.'" *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (quoting *Doe*, 661 F.3d at 1015).

Here, the diligence determination turns on the same factual issues that underlie the extraordinary circumstances inquiry. If, for example, Browne's firm made misleading assurances or omissions regarding the timeliness of Cail's federal petition, Cail would have had no reason to file his federal petition earlier than he did. Although not dispositive, the fact that Cail filed his federal habeas petition less than one month after the mandate issued in his state proceedings suggests that he intended all along to pursue his federal petition with diligence. Accordingly, on remand, the evidentiary hearing should include an opportunity to provide evidence of and testimony on Cail's diligence.

We reverse the dismissal of the petition and remand for an evidentiary hearing on whether Cail is entitled to equitable tolling.

**REVERSED and REMANDED.**

*Cail v. Holbrook*, No. 24-2774

R. Nelson, J., dissenting:

Trayvon Cail is not entitled to an evidentiary hearing because he has not made a good-faith allegation "that would, if true, entitle him to equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (cleaned up). Equitable tolling applies only if an "extraordinary circumstance" prevented Cail from filing his habeas petition on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Counsel's negligence in failing to meet a deadline is not an extraordinary circumstance. *Id.* at 651–52.

Cail alleges that John Henry Browne agreed to represent him in habeas proceedings but missed the deadline to file a habeas petition. Even if true, these facts, on their own, "suggest simple negligence." *See id.* at 652. And counsel's negligence is not an extraordinary circumstance. *Id.* at 651–52.

To be sure, Cail and the majority assert that Browne led Cail to believe that his representation would extend to habeas proceedings. But this alleged misrepresentation does not change the analysis. Even if Browne indicated that he would represent Cail in habeas proceedings, Cail has still at most alleged that Browne represented him but failed to timely file a petition. Again, those facts, by themselves, "suggest simple negligence." *Holland*, 560 U.S. at 652; *see also Luna*

1

*v. Kernan*, 784 F.3d 640, 646–48 (9th Cir. 2015) (emphasizing that counsel's errors went beyond merely failing to file a petition on time (quotation omitted)).

Because Cail has not alleged any fact that, if true, would entitle him to equitable tolling, the district court did not abuse its discretion in declining to hold an evidentiary hearing. The majority vacates the district court's dismissal of the habeas petition, reverses the denial of an evidentiary hearing, and remands for the district court to hold a hearing on whether Cail is entitled to equitable tolling. Because I would affirm the district court, I respectfully dissent.